UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Civil Action No.: 3:15-CV-175-RJC-DCK

BENJAMIN E. DAVIS and
ROBERTO F. GARCIA,

                        Plaintiffs,

    v.

MERRILL LYNCH & CO., INC., and
MERRILL LYNCH, PIERCE, FENNER
& SMITH, INC.,

                        Defendants.

<u>PROPOSED FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE</u>

On _____, 2016, this Court granted Preliminary Approval of the Settlement set forth in the Stipulation of Settlement dated as of February 8, 2016 (the "Stipulation"). Due and adequate notice having been given to the Class as required in the Court's Preliminary Approval Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

    1.    This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

    2.    This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

    3.    By entering this Order, the Court does not make any determination as to the merits of this case.

- 1 -

4. Pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Litigation as a class action for settlement purposes only defined as those individuals who: (a) were employed by Merrill Lynch in the United States on September 15, 2008; (b) participated in one or more of the Plans and/or ATP[1]; (c) are either employed by Merrill Lynch as of the day following _____, 2016 [Preliminary Approval Date] or were involuntarily terminated from employment by Merrill Lynch between January 1, 2009 and _____, 2016 [Preliminary Approval Date]; and (d) either as of the day following _____, 2016 [Preliminary Approval Date] have or at the time of their termination had unvested awards in one or more of the Plans and/or would have been eligible to receive remaining Unpaid ATP Bonus Amounts. Class Members who: (a) were involuntarily terminated between January 1, 2009 and _____, 2016 [Preliminary Approval Date] and were not paid [i] all of their account balances in the Plans for awards made for production year 2008 and prior, [ii] their remaining Unpaid ATP Bonus Amounts pursuant to the ATP, and/or [iii] did not have their ATP Promissory Note balance at the time of termination forgiven; (b) subject to Paragraph 8.5 of the Stipulation, have not, on or before the Settlement Payment Date, been barred from the industry by FINRA or other regulatory body arising from or related to conduct while an employee of Merrill Lynch (regardless of when that conduct was uncovered or when investigation into that conduct is initiated); (c) subject to Paragraph 8.5, have not, on or before the Settlement Payment Date,

---

[1] The Plans are the Merrill Lynch Financial Advisor Capital Accumulation Award Plan ("FACAAP"), the Merrill Lynch Growth Award Plan for Financial Advisors ("Growth"), the Merrill Lynch Long Term Incentive Compensation Plan for Managers and Producers ("LTICP), and the Merrill Lynch Wealthbuilder Account Plan ("Wealthbuilder"). The ATP means the Merrill Lynch Advisor Transition Program and its amendment. FACAAP awards under this Settlement include awards granted in 2009 for performance year 2008 which were awarded under the 2009 Key Associate Stock Plan, but which Plaintiffs allege should have been awarded under FACAAP.

been suspended by FINRA or other regulatory body for more than one year arising from or related to conduct while an employee of Merrill Lynch (regardless of when that conduct was uncovered or when investigation into that conduct is initiated); and (d) did not sign a release of claims for Change in Control vesting of awards under the Plans or for Unpaid ATP Bonus vesting due to a termination not for Cause where the individual or Defendants were represented by counsel for the Settling Parties in this Litigation or where the individual received greater monetary amounts as consideration for his or her release than they would have received under the Settlement Formula, or have not had claims under the Plans or for Unpaid ATP Bonus vesting due to a termination not for Cause otherwise extinguished ("Monetary Relief Class Members") are eligible for the Payments to Participating Claimants described in Paragraph 3.1 of the Stipulation and received the Class Notice. Class Members who are employed by Merrill Lynch as of the day following the Preliminary Approval Date ("Injunctive Relief Class Members") are eligible for the Programmatic Relief described in Paragraph 3.3 of the Stipulation only and received the Programmatic Relief Notice only.

5. The Court confirms the prior appointments of the Plaintiffs Benjamin E. Davis and Roberto F. Garcia as Class Representatives, and Michael S. Taaffe, Jarrod J. Malone and Michael D. Bressan from the law firm of Shumaker, Loop & Kendrick, LLP as Class Counsel.

6. This Court finds and concludes that for settlement purposes only: (a) the Members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of the Class Representatives are typical of the claims of the Class; (d) the Class Representatives and their counsel have fairly

and adequately represented and protected the interests of the Class Members; (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action; and (f) final injunctive relief is appropriate.

7. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settling Parties. The Court further finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties with the assistance of a professional mediator. Accordingly, the Settlement embodied in the Stipulation is hereby finally approved in all respects, there is no just reason for delay, and the Settling Parties are hereby directed to perform its terms.

8. The Litigation is hereby dismissed in its entirety with prejudice. Nothing herein is intended to waive or prejudice the rights of Monetary Relief Class Members who have timely opted out of the Class Settlement.

9. The releases as set forth in Paragraph 10 of the Stipulation, together with the definitions in Paragraphs 1.1-1.63 relating thereto, Class Notice, and Settlement Claim Certification Form and Release, are expressly incorporated herein in all respects.

10. The Class Representatives and all Monetary Relief Class Members in the Settlement Class, and anyone claiming through or on behalf of any of them (collectively, "Releasors"), are forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or any proceeding in any court of law or equity, arbitration tribunal, either directly, representatively, or in any other capacity, including but not limited to the Financial Industry Regulatory Authority ("FINRA"), the American Arbitration Association ("AAA"), and JAMS, administrative forum, or other forum of any kind (whether within the United States or not) asserting any of the Released Claims (including Unknown Claims) against any of the Releasees.

11. The Court hereby approves the release provisions as contained in Paragraph 10 of the Stipulation, Class Notice, and Settlement Claim Certification Form and Release, including but not limited to the definitions of Released Claims, Releasors, Releasees, and Unknown Claims. The Releasors shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) against the Releasees, whether or not such Settlement Class Member executed and delivered a Qualifying Settlement Claim Certification Form and Release.

12. The distribution of the Class Notice and Programmatic Relief Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all members of the Class who could be identified through reasonable effort. Said Class Notice and Programmatic Relief Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the

proposed Settlement set forth in the Stipulation, to all persons entitled to such Class Notice and Programmatic Relief Notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, due process, and any other applicable law.

13. The Court hereby finally approves the Programmatic Relief as set forth in the Programmatic Relief Notice.

14. Any order entered regarding the attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

15. Neither this Order, the fact that a settlement was reached and filed, the Stipulation nor any related negotiations, statements, or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Defendants. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Litigation. In no event shall this Order, the Stipulation, or any of its provisions, or any negotiations, statements, or proceedings relating to it in any way be used, offered or admitted to in the Litigation, in any other action, or in any judicial, administrative, regulatory, arbitration (including but not limited to proceedings before FINRA, AAA, or JAMS), or other proceeding, or in any proceeding in support of class or collective treatment or class certification, liability, or damages by any person or entity, except in a proceeding to enforce the Stipulation. Notwithstanding the foregoing, Defendants may use, offer, admit, or refer to the Stipulation and to the Settlement reached therein where necessary to defend themselves in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, and if the Settlement is finally approved and this Agreement becomes

effective, Class Members may use the Agreement where necessary to show whether a particular claim was or was not released as part of the Settlement.

16. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement; (b) the payment of the Net Settlement Sums; and (c) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

17. The Court hereby approves an award of attorneys' fees in the amount of _____, costs in the amount of \_\_\_\_\_, and Class Representative enhancement payments in the amount of _____ to Davis, and _____ to Garcia.

18. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, the Settling Parties shall be restored to their respective positions in the Litigation prior to the execution of the Stipulation, and this Judgment shall be rendered null and void (except Paragraph 15 of this Order shall remain in effect) to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

19. Without further order of this Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

20. The Defendants have provided notification to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. § 1715.

21. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is hereby directed.

IT IS SO ORDERED.

DATED: _____  _____
THE HONORABLE ROBERT J. CONRAD, JR.
UNITED STATES DISTRICT JUDGE