UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-175-RJC-DCK

| | |
|---|---|
| BENJAMIN E. DAVIS and ROBERTO F. GARCIA, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MERRILL LYNCH & CO., INC. and MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., <br><br> Defendants. | **ORDER** |

**THIS MATTER** comes before the Court on Plaintiffs Benjamin E. Davis and Roberto F. Garcia's (collectively, "Plaintiffs") Unopposed Motion for Final Approval of Class Action Settlement, Supporting Memorandum, and Exhibits (Doc. Nos. 42, 43 to 43-2) and Plaintiffs Unopposed Motion for Attorney Fees, Supporting Memorandum, and Exhibits (Doc. Nos. 46, 47 to 47-2).

On March 22, 2016, this Court granted Preliminary Approval of the Settlement set forth in the Stipulation of Settlement dated as of February 8, 2016 (the "Stipulation"). Due and adequate notice was given to the Class as required in the Court's Preliminary Approval Order. The Court conducted a Final Approval and Fairness Hearing on August 29, 2016 and the Plaintiffs and Defendants were heard on the fairness, reasonableness, and adequacy of the proposed settlement. No objections to the settlement were made. The Court having considered all papers filed and

1

proceedings held herein and otherwise being fully informed in the premises and good cause appearing,

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, (Doc. No. 42), is **GRANTED**.

2. Plaintiffs' Unopposed Motion for Attorney Fees, (Doc. No. 46), is **GRANTED**.

3. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

4. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

5. By entering this Order, the Court does not make any determination as to the merits of this case.

6. Pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Litigation as a class action for settlement purposes only defined as those individuals who: (a) were employed by Merrill Lynch in the United States on September 15, 2008; (b) participated in one or more of the Plans and/or ATP[1]; (c) are either employed by Merrill Lynch as of March 23, 2016 or were involuntarily terminated from employment by Merrill Lynch between January 1, 2009 and March 22, 2016; and (d)

---

[1] The Plans are the Merrill Lynch Financial Advisor Capital Accumulation Award Plan ("FACAAP"), the Merrill Lynch Growth Award Plan for Financial Advisors ("Growth"), the Merrill Lynch Long Term Incentive Compensation Plan for Managers and Producers ("LTICP), and the Merrill Lynch Wealthbuilder Account Plan ("Wealthbuilder"). The ATP means the Merrill Lynch Advisor Transition Program and its amendment. FACAAP awards under this Settlement include awards granted in 2009 for performance year 2008 which were awarded under the 2009 Key Associate Stock Plan, but which Plaintiffs allege should have been awarded under FACAAP.

either as of March 23, 2016 have or at the time of their termination had unvested awards in one or more of the Plans and/or would have been eligible to receive remaining Unpaid ATP Bonus Amounts. Class Members who: (a) were involuntarily terminated between January 1, 2009 and March 22, 2016 and [i] were not paid all of their account balances in the Plans for awards made for production year 2008 and prior, [ii] were not paid their remaining Unpaid ATP Bonus Amounts pursuant to the ATP, and/or [iii] did not have their ATP Promissory Note balance at the time of termination forgiven; (b) subject to Paragraph 8.5 of the Stipulation, have not, on or before the Settlement Payment Date, been barred from the industry by the Financial Industry Regulatory Authority ("FINRA") or other regulatory body arising from or related to conduct while an employee of Merrill Lynch (regardless of when that conduct was uncovered or when investigation into that conduct is initiated); (c) subject to Paragraph 8.5 of the Stipulation, have not, on or before the Settlement Payment Date, been suspended by FINRA or other regulatory body for more than one year arising from or related to conduct while an employee of Merrill Lynch (regardless of when that conduct was uncovered or when investigation into that conduct is initiated); and (d) did not sign a release of claims for Change in Control vesting of awards under the Plans or for Unpaid ATP Bonus vesting due to a termination not for Cause where the individual or Defendants were represented by counsel for the Settling Parties in this Litigation or where the individual received greater monetary amounts as consideration for his or her release than they would have received under the Settlement Formula, or have not had claims under the Plans or for Unpaid ATP Bonus vesting due to a termination not for Cause otherwise extinguished ("Monetary Relief Class Members") are eligible for the Payments to Participating Claimants described in Paragraph 3.1 of the Stipulation and received the Class Notice. Class Members who are employed by Merrill Lynch as of March 23, 2016 ("Injunctive

Relief Class Members") are eligible for the Programmatic Relief described in Paragraph 3.3 of the Stipulation only and received the Programmatic Relief Notice only.

7. The Court confirms the prior appointments of the Plaintiffs Benjamin E. Davis and Roberto F. Garcia as Class Representatives, and Michael S. Taaffe, Michael D. Bressan, Jarrod J. Malone and David L. Wyant, Jr. from the law firm of Shumaker, Loop & Kendrick, LLP as Class Counsel.

8. This Court finds and concludes that for settlement purposes only: (a) the Members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of the Class Representatives are typical of the claims of the Class; (d) the Class Representatives and their counsel have fairly and adequately represented and protected the interests of the Class Members; (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action; and (f) final injunctive relief is appropriate.

9. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settling Parties. The Court further finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties with the assistance of a professional mediator.

Accordingly, the Settlement embodied in the Stipulation is hereby finally approved in all respects, there is no just reason for delay, and the Settling Parties are hereby directed to perform its terms.

10. The Litigation is hereby **DISMISSED** in its entirety with prejudice. Nothing herein is intended to waive or prejudice the rights of Monetary Relief Class Members who have timely opted out of the Class Settlement.

11. The Class Representatives and all Monetary Relief Class Members in the Settlement Class, and each of their respective heirs, executors, administrators, assigns, predecessors, and successors, and any other person claiming by or through any or all of them (collectively, "Releasors"), shall be deemed to have fully, finally, and forever released, settled, compromised, relinquished, and discharged any and all of the Releasees of and from any and all Released Claims and, without further action by any person or the Court, will be deemed: (a) to have consented to dismiss with prejudice the Litigation as against the Defendants and any and all Released Claims; (b) to have released and forever discharged any and all Released Claims; and (c) to be forever barred and enjoined from instituting or further prosecuting, in any forum whatsoever, including but not limited to any state, federal, or foreign court, or regulatory agency, or any arbitration forum, including but not limited to FINRA, the American Arbitration Association ("AAA"), and JAMS, each and every Released Claim.

    (a) "Released Claims" shall mean any and all claims, defenses, demands, actions, causes of action, rights, offsets, setoffs, suits, damages, lawsuits, liens, costs, surcharges, losses, attorneys' fees, expenses, or liabilities of any kind whatsoever, in law or in equity, for any relief whatsoever, including monetary, injunctive or declaratory relief, rescission, general, compensatory, special,

liquidated, indirect, incidental, consequential, or punitive damages, as well as any and all claims for treble damages, penalties, interest, attorneys' fees, costs or expenses, whether a known or Unknown Claim, alleged or not alleged in the Litigation, suspected or unsuspected, contingent or vested, accrued or not accrued, liquidated or unliquidated, matured or unmatured, that in any way concern, relate to, or arise out of (i) all claims asserted or which could have been asserted in the Complaint, Amended Complaint, Second Amended Complaint, or the Litigation arising out of or related to Change in Control vesting under the Plans or vesting of the Unpaid ATP Bonus Amounts due to termination, (ii) all claims arising out of or related to Class Members' participation in or the payment or forfeiture of awards granted under the Plans, and (iii) all claims arising out of or related to a Class Member's claim for Unpaid ATP Bonus Amounts including, but not limited to: breach of contract under the Plans and/or ATP, conversion, unpaid wages, unjust enrichment, injunctive relief, fraudulent misrepresentation/concealment, fraud, violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*, violation of the Employment Retirement Income Security Act of 1974, breach of fiduciary duty and/or breach of duty of good faith and fair dealing under the Plans and/or ATP, negligence, or violation of the rules of FINRA. Released Claims also include, without limitation, any allegation that any Defendant or Releasee has conspired with, aided and abetted, or otherwise acted in concert with any other Defendant, Releasee, or third parties, with regard to any of the facts, acts, events, transactions, occurrences, courses of conduct, business practices, representations, omissions, circumstances or other matters in the Litigation. It is the

intention of the Class Representatives and each of the Releasors to provide a general release of all Released Claims against the Releasees, in accordance with Paragraph 11 above. Released Claims do not include claims, rights or causes of action or liabilities whatsoever: (i) to enforce the Settlement; and (ii) for breach or violation of any of the terms of the Settlement or orders or judgments issued by the Court in connection with the Settlement or confidentiality obligations with respect to settlement communications.

(b) "Releasees" or "The Releasees" mean Defendants, Bank of America, N.A., and each of their partners, affiliates, parent companies, subsidiaries, divisions, or other organizational units of any kind doing business in their own names, and doing business under any other names, any entity now or in the past controlled by, controlling, or under the common control with any of the foregoing and doing business under any other names, and any and all of their respective affiliates and subsidiaries, and each of their respective predecessors, successors, and assigns, and each of their past and present officers, directors, partners, shareholders, associates, trustees, employees, agents, attorneys (including any consultants hired by counsel), accountants, representatives, beneficial owners, investment advisors, investment bankers, insurers, independent contractors, heirs, executors, and administrators, and each of their respective predecessors, successors, and assigns.

(c) "Unknown Claims" mean any Released Claims which any Class Representative or any Settlement Class Member does not know or suspect to exist in his or her favor at the time of the entry of the Judgment, and which, if known by him or her might have affected his or her settlement with and release of the

Releasees, or might have affected his or her decision to opt out of the Settlement Class or to object to this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Class Representatives shall expressly and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have to the fullest extent allowed by law, waived the provisions, rights and benefits of any statute or principle of common law similar to California Civil Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor**.

The Class Representatives and each Settlement Class Member may hereafter discover facts in addition to or different from those which he or she now knows or believes to be true with respect to the subject matter of the Released Claims, but Class Representatives and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released to the fullest extent allowed by law any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which then exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, contract, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Class Representatives acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing

waiver was separately bargained for and a material term of the settlement of which this release is a part.

12. Each Releasor shall be bound by the Agreement and the Judgment and all of their claims shall be dismissed with prejudice and released even if they never received actual, prior notice of the Litigation or its settlement in the form of the Class Notice or otherwise. The Release set forth in Paragraph 11 above shall apply to and bind all Releasors, including those Releasors whose Class Notices were returned as undeliverable, and those for whom no current address could be found, if any.

13. The Releasors shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) against the Releasees, whether or not such Settlement Class Member executed and delivered a Qualifying Settlement Claim Certification Form and Release.

14. The distribution of the Class Notice and Programmatic Relief Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all members of the Class who could be identified through reasonable effort. Said Class Notice and Programmatic Relief Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all persons entitled to such Class Notice and Programmatic Relief Notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, due process, and any other applicable law.

15. The Court hereby finally approves the Programmatic Relief as set forth in the Programmatic Relief Notice.

16. Neither this Order, the fact that a settlement was reached and filed, the Stipulation nor any related negotiations, statements, or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Defendants. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Litigation. In no event shall this Order, the Stipulation, or any of its provisions, or any negotiations, statements, or proceedings relating to it in any way be used, offered or admitted to in the Litigation, in any other action, or in any judicial, administrative, regulatory, arbitration (including but not limited to proceedings before FINRA, AAA, or JAMS), or other proceeding, or in any proceeding in support of class or collective treatment or class certification, liability, or damages by any person or entity, except in a proceeding to enforce the Stipulation. Notwithstanding the foregoing, Defendants may use, offer, admit, or refer to the Stipulation and to the Settlement reached therein where necessary to defend themselves in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, and if the Settlement is finally approved and this Agreement becomes effective, Class Members may use the Agreement where necessary to show whether a particular claim was or was not released as part of the Settlement.

17. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement; (b) the payment of the Net Settlement Sums; and (c) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

18. The Court hereby approves an award of attorneys' fees in the amount of $3,212,917.82, costs in the amount of $124,254.90 to Shumaker, Loop & Kendrick, LLP, and Class Representative enhancement payments in the amount of $20,000.00 to Davis, and $20,000.00 to Garcia.

19. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, the Settling Parties shall be restored to their respective positions in the Litigation prior to the execution of the Stipulation, and this Judgment shall be rendered null and void (except Paragraph 16 of this Order shall remain in effect) to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

20. Without further order of this Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

21. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is hereby directed.

Signed: September 6, 2016

_____
Robert J. Conrad, Jr.
United States District Judge